**Order entered November 7, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-00139-CR

**KEPHREN MARCUS THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-36078-T**

### ORDER

Before the Court is appellant's October 10, 2022 second motion for extension of time to file appellant's brief and to abate the appeal to clear up issues with the record. Appellant contends there are numerous problems with the exhibits to the reporter's record and a missing jury charge from the clerk's record.

Appellant contends the following exhibits have not been filed with the reporter's record because they are reportedly uncopiable: State's Exhibits 314, 317, 344, 486, and 497 and Defense Exhibits 92 and 125. Appellant contends State's

Exhibit 407 as filed with the Court is unplayable. Appellant contends State's Exhibits 336, 338 and 447, and Defense Exhibit 118 are missing from the record. Appellant further reports that State's Exhibits 348 and 349 and Defense Exhibit 107 appear to be mislabeled.

Finally, as appellant notes, by order issued August 12, 2022, the Court directed the Dallas County District Clerk to supplement the clerk's record with the jury charge on punishment and jury punishment verdict. To date, no supplemental clerk's record has been filed. A review of the trial court's online docket sheet shows that the punishment charge does not appear in the list of documents available online and, therefore, may not be in the district clerk's possession. We observe that the trial court read the jury charge on punishment into the record where it is found in volume 19, pages 109–119 of the reporter's record.

In addition to the issues noted by appellant, the Court notes that the Clerk has determined that the disc of State's Exhibit 345 is unplayable. Furthermore, the court reporter has not filed State's Exhibits 335, 337, 339, 340, 341, 342, and 343 in proper electronic form as pdf documents placed into a volume, text searchable, and bookmarked as directed by the Clerk. Instead, the court reporter has submitted the exhibits as compact discs and filed a letter requesting

reconsideration of electronic submission on the ground such documents are voluminous and only small excerpts from each disc was used at trial.

We **GRANT** appellant's motion and order relief as follows.

We **ORDER** the trial court to conduct a hearing regarding the status and completeness of the record in this case.

Regarding the missing jury charge and jury verdict on punishment, we **ORDER** the trial court to make findings regarding whether the jury charge and verdict on the punishment phase of trial is in the possession of the Dallas County District Clerk's Office or whether the jury charge and verdict on punishment has been lost or destroyed.

If the trial court finds that the Dallas County District Clerk's Office does not have possession of the jury charge and verdict on punishment or that the document has been lost or destroyed, the trial court shall determine whether the parties, by written stipulation, can deliver a copy of the jury charge and verdict to the Dallas County District Clerk for inclusion in a supplemental clerk's record.

If the parties cannot agree, we **ORDER** the trial court to determine what constitutes an accurate copy of the jury charge and verdict on punishment and order that the jury charge and verdict on punishment be included in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5e).

Regarding the problems with the exhibits in the reporter's record, we **ORDER** the trial court to make findings regarding whether the reporter's record should contain State's Exhibits 314, 317, 336, 338, 344, 345, 407, 447, 486, and 497 and Defense Exhibits 92, 118, and 125 and, if so, whether the reporter's record can be supplemented with accurate copies of the designated exhibits.

If the trial court determines that any of the specified exhibits should be part of the record on appeal and cannot be filed in the appellate record, the trial court shall make findings regarding (1) if the appellant timely requested a reporter's record; (2) if without appellant's fault, a significant exhibit has been lost or destroyed; (3) if the lost or destroyed exhibit is necessary to the appeal's resolution; and (4) if the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit or exhibits. *See* TEX. R. APP. P. 34.6(f).

Regarding the allegedly mislabeled exhibits, in the Court's record, no video disks have been filed purporting to be State's Exhibits 348 and 349.[1] Those exhibits appear in the record as DNA reports. We agree with appellant that the index to the reporter's record shows Defense Exhibit 107 is a chart, but the exhibit

---

[1] The Court has received the following exhibits in physical media: State's Exhibits A, B, C, D, 301, 306–07, 315, 318–27, 329, 335, 337, 339–43, 345 (unplayable), 346, 407 (unplayable), 429, 437–41, 449–52, 461–62 and 1121; Defense Exhibits 126 and 130.

filed is a photograph. To resolve these discrepancies, we further **ORDER** the trial court to determine whether State's Exhibits 348 and 349 and Defense Exhibit 107 accurately reflect the exhibits with those designations admitted at trial and, if not, whether the reporter's record can be supplemented with the correct exhibits or the exhibits can be renumbered to reflect their actual exhibit numbers.

Finally, regarding State's Exhibits 335, 337, 339, 340, 341, 342, and 343, we **ORDER** the trial court to make findings of fact determining whether the parties can agree to requiring the court reporter to produce only certain documents in electronic form to be filed into the record in PDF format with the remainder of the documents in the exhibits filed as compact discs. If the parties cannot agree to a more limited electronic filing, we **ORDER** the court reporter to produce the entire contents of those exhibits in electronic PDF format in a volume, text searchable, and bookmarked.

We **ORDER** the trial court to transmit to this Court, within **THIRTY DAYS** of the date of this order, a record containing its written findings of fact, any supporting documentation, and the documents it has determined are accurate copies of the jury charge and verdict for punishment.

We **DIRECT** the Clerk to send copies of this order to the Honorable Lela Mays, Presiding Judge, 283rd Judicial District Court; Sharina A. Fowler,

official court reporter, 283rd Judicial District Court; Felicia Pitre, Dallas County District Clerk; and to counsel for all parties.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated when the findings are received or at such other time as the Court deems proper. The Court will set a new due date for appellant's brief after reinstatement and a determination that the record is complete.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE